UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Allure Jewelers, Inc.,

    Plaintiff,

    v.                                       Case No. 1:12cv91

Mustafa Ulu, *et al.*,                  Judge Michael R. Barrett

    Defendants.

## OPINION & ORDER

This matter is before the Court upon Defendant Goldia of NY, LLC's ("Goldia") Motion to Dismiss. (Doc. 33.)[1] Plaintiff Allure Jewelers, Inc. ("Allure") has filed a Response in Opposition (Doc. 41), and Goldia has filed a Reply (Doc. 46).

**I.    BACKGROUND**

According to the Third Amended Complaint, Allure is an internet provider of fine jewelry items and gold items. (Doc. 31, ¶ 9.) Goldia is a competitor of Allure. Both companies purchase products from Defendant Quality Gold. (Id., ¶¶ 10-11.) Allure's advertisements for its products include details about metal, metal purity, actual length, actual width, weight, style, finish, and features. (Id. ¶ 15.) Allure claims that Goldia has improperly "scraped" or copied this information for use in its own advertisements for the same products. (Id., at ¶¶ 17-20.) These advertisements appear on Goldia's website and the websites of eBay.com and Amazon.com. (Id., at ¶ 21.) Allure claims that Goldia has

---

[1]Defendant's Motion is entitled "Motion to Dismiss Plaintiff's Second Amended Complaint," but it appears that the reference to the Second Amended Complaint is a typographical error. Therefore, the Court construes the Motion to be directed toward the Third Amended Complaint.

used the improperly obtained information to unfairly compete with Allure. (Id., at ¶ 20.)

Allure brings claims for copyright infringement (Count One); conversion (Count Two); misappropriation under federal common law (Count Three); misappropriation of trade secrets under Ohio law (Count Four); unfair competition based on common law (Count Five); unfair competition based on contract (Count Six); business reputation (Count Seven); accounting (Count Eight); intentional interference with contractual relationship (Count Nine); and injunctive relief (Count Ten). (Doc. 31.) However, in response to Defendant's Motion to Dismiss, Allure has voluntarily dismissed its claims for conversion (Count Two), unfair competition (Count Five), business relations (Count Seven), and intentional interference with contractual relationship (Count Nine). Allure explains that these claims will be a part if its Ohio Trade Secrets Act claim. Allure also clarifies that the claim for breach of contract (Count Six) states a claim against eBay.com, and does not state a claim against Goldia. Therefore, the causes of action which remain pending against Goldia are: copyright infringement, misappropriation under federal common law, and misappropriation under Ohio's Trade Secret Act, Ohio Revised Code § 1333.61 *et seq*.

## II.    ANALYSIS

### A.    Motion to Dismiss

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007)). "[T]o survive a motion to dismiss, a

complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### B. <u>Copyright</u>

Goldia argues that Allure's copyright claim should be dismissed because (1) Allure failed to obtain copyright registrations before filing its copyright infringement action; (2) Allure has not adequately alleged a copyright infringement claim under Federal Rule of Civil Procedure 8; and (3) the information about Allure's products is not sufficiently original to warrant copyright protection.

Copyright infringement may be proved by demonstrating: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007).

The Copyright Act states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). The Supreme court has explained that "[Section 411(a)] establishes a condition-copyright registration-that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the Act's remedial provisions." *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237, 1242 (2010).

Several district courts within the Sixth Circuit have construed this registration requirement strictly, and dismissed the infringement claim if the plaintiff had not satisfied the precondition of registration before initiating suit. *See*, *e.g.*, *Sony/ATV Music Publ'g LLC v. D.J. Miller Music Distribs., Inc.*, 2010 WL 3872802, at *4 (M.D.Tenn. Sept. 28, 2010) (motion to dismiss infringement claims granted even though plaintiff obtained registration after lawsuit was filed); *TreadmillDoctor.com, Inc. v. Johnson*, 2011 WL 1256601, at *4-6 (W.D.Tenn. March 31, 2011) (dismissing infringement claims where plaintiff failed to satisfy the registration requirement of § 411(a)).

Here, as described in Allure's Motion for Leave to File a Third Amended Complaint (Doc. 30), and evidenced by the registration itself (Doc. 30-1), Allure did not obtain copyright registrations until after it filed suit.[2] Because Allure did not meet the registration requirement of Section 411(a), the Court dismisses Allure's claim for copyright violation against Goldia.

### C. Misappropriation of Trade Secrets under Ohio law

Defendants argue that Allure's claim for misappropriation of trade secrets is preempted by the Ohio Trade Secrets Act or the Copyright Act. Allure responds that its pricing information falls within the "hot news" exception established in *International News Service v. Associated Press*, 248 U.S. 215 (1918). Allure explains that the price of precious metals fluctuates frequently. Allure claims that it uses a program which takes the most recent information on the price of precious metals, calculates its effect on its products, and then updates the prices of its products accordingly.

---

[2]The effective date of Allure's Certificate of Registration is February 10, 2012. (Doc. 30-1.) Allure filed its Complaint on January 31, 2012. (Doc. 1.)

In *International News Service ("INS")*, the Supreme Court recognized a common law tort of "misappropriation" that protects against the appropriation by a competitor of commercially valuable information otherwise in the public domain. 248 U.S. at 240. However, as Allure recognizes, the viability of *INS* is limited.

*INS* involved two competing wire services which transmitted news stories to its member newspapers. International News Service copied the facts reported in Associated Press' news bulletins and wired them to its own members. *Id.* at 231, 238. The Supreme Court held that INS's conduct was a common-law "misappropriation" of AP's property. *Id.* at 242. However, as the Second Circuit has explained:

> *INS* itself is no longer good law. Purporting to establish a principal of federal common law, the law established by *INS* was abolished by *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), which largely abandoned federal common law.

*Barclays Capital Inc. v. Theflyonthewall.com, Inc.*, 650 F.3d 876, 894 (2d Cir. 2011). Nevertheless, several courts have concluded that "[b]ased on legislative history of the 1976 [Copyright Act amendments], it is generally agreed that a 'hot-news' *INS*-like claim survives preemption." *Id.* (quoting National Basketball Ass'n v. Motorola, Inc., 105 F.3d 841, 845 (2d Cir.1997); *see also Nash v. CBS, Inc.*, 704 F.Supp. 823, 834-35 (N.D.Ill.1989) (noting that the Supreme Court of Illinois adopted the tort of misappropriation first recognized in *INS* and concluding that "hot news" misappropriation claims escape § 301 preemption), *aff'd*, 899 F.2d 1537 (7th Cir. 1990); *X17, Inc. v. Lavandeira*, 563 F. Supp. 2d 1102, 1107 (C.D. Cal. 2007) (concluding that California would recognize the "hot news" species of the misappropriation and avoids preemption). As such, "[s]ome seventy-five years after its death under *Erie*, *INS* thus maintains a ghostly presence as a description of a tort theory,

not as precedential establishment of a tort cause of action." 650 F.3d at 894.

However, under Ohio law, there is no support for a "hot-news" *INS*-like claim.[3] *Accord Brainard v. Vassar*, 561 F. Supp. 2d 922, 932 (M.D. Tenn. 2008) ("The plaintiffs have cited no case law indicating that the Tennessee courts have adopted New York's "hot-news" causes of action."); *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 01-70302, 2002 WL 32878308, *4 (E.D. Mich. May 31, 2002) (finding no support for a cause of action for commercial misappropriation under Michigan law). Therefore, Allure has failed to state a claim for common-law misappropriation.

To the extent that Allure brings a claim pursuant to Ohio's Trade Secret Act, the Court finds that Allure has also failed to state a claim. As this Court noted in its ruling on Allure's Motion for Temporary Restraining Order, Allure has not alleged that it made efforts to guard the secrecy of the information about its products, and in fact published the information on the Internet. (Doc. 10.) In its response to Goldia's Motion to Dismiss, Allure now claims that its "trade secret" is the program and method at which it arrives at the published price. (Doc. 41, at 14.) However, there is no allegation in the Third Amended Complaint that Goldia had access to, or has made use of Allure's program or method. (Doc. 31.)[4]

---

[3]No Ohio state court has ever cited to the Supreme Court's decision in *INS*. While Allure correctly argues that no Ohio court has ever overruled or abrogated *INS*, there is also no court which has adopted its holding or the "hot news" cause of action.

[4]The allegations related to Goldia are as follows:

17. Goldia of NY, LLC and/or Mustafa Ulu have posted over 50,000 on-line advertisements for unique items of jewelry advertised by Allure Jewelers, Inc. and containing the same information concerning metal, purity, length, width, weight, style, finish and "attributes," which would only have been obtained by electronically copying Allure Jewelers, Inc.'s web advertisements.

Therefore, Allure has failed to state a claim for misappropriation under federal common law or Ohio's Trade Secret Act, and the Court dismisses those claims.

## III. <u>CONCLUSION</u>

Based on the foregoing, it is hereby **ORDERED** that Defendant Goldia of NY, LLC's Motion to Dismiss (Doc. 33) is **GRANTED**. Accordingly, Defendant Goldia is dismissed as a party and Plaintiff's Motion for Preliminary Injunction (Doc. 2), seeking to enjoin Goldia,

---

> 18. These Goldia of NY, LLC advertisements also contain the same descriptions which were written by Allure Jewelers, Inc. and used in the earlier posted Allure Jewelers, Inc.'s advertisement.
>
> 19. This information was improperly and illegally parsed, by data scraping, by Goldia of NY, LLC and Mustafa Ulu. Mustafa Ulu has admitted in communications with Allure Jewelers, Inc. that this is how it obtained the information.
>
> 20. Further, Goldia of NY, LLC and Mustafa Ulu are using this improperly obtained information to unfairly compete by copying Allure Jewelers, Inc.'s ads, thereupon utilizing the information generated by Allure Jewelers, Inc. and then selling the same product at a slightly lower cost. In most cases, Goldia of NY, LLC and Mustafa Ulu have priced their merchandise using a computer calculation which sets it at 98% of Allure Jewelers, Inc.'s price.
>
> 21. Mustafa Ulu and/or Goldia of NY, LLC have posted improperly obtained data on over 500,000 separate occurrences on eBay (Goldia_Auctions), Amazon (Goldia), and its website(s) Goldia of NY, LLC.

(Doc. 31.) The allegations related to Allure's program are as follows:

> 23. Allure Jewelers, Inc. utilizes a program to take the most recent information on the price of precious metals, calculate its effect, and the effect of other factors, upon the cost of the tens of thousands of items it markets, and then update the offered price on those items accordingly.
>
> 24. This program insures prompt, sure, steady, and reliable pricing based upon precious metal price fluctuations.
>
> 25. Such actions insure Allure Jewelers, Inc. of the added profit so necessary as an incentive to effective action in the commercial world.

(Id.)

is **DENIED as MOOT**.

**IT IS SO ORDERED.**

          */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court